12-2065.131-RSK                                    April 3, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSE BERRUM-PLATA,                    )
                                      )
            Plaintiff,                )
                                      )
        v.                            )    No. 12 C 2065
                                      )
UNITED STATES OF AMERICA, FBI         )
Agent BRETT CURTIS, individually      )
and in his official capacity, and     )
U.S. DEPARTMENT OF HOMELAND           )
SECURITY, IMMIGRATION AND CUSTOMS     )
ENFORCEMENT,                          )
                                      )
            Defendants.               )

**MEMORANDUM OPINION**

Before the court is the defendants' motion to dismiss. We grant the defendants' motion for the reasons explained below.

**BACKGROUND**

Jose Berrum-Plata has filed a two-count civil rights complaint against the United States, FBI agent Brett Curtis (in his individual and official capacities), and the United States Department of Homeland Security, Immigration and Custom Enforcement ("ICE"). Berrum-Plata alleges that during 2008 and 2009 he worked as an informant "for the FBI, specifically, Brett Curtis." (Compl. ¶ 10.) On March 23, 2010, Berrum-Plata was "taken into custody by and/or through direction of" Curtis. (Id. at ¶ 11.) According to the plaintiff, Curtis arrested him "without an arrest warrant,

- 2 -

without probable cause, and without any other legal justification."
(Id. at ¶ 12.)  The defendants then prosecuted Berrum-Plata "as an
undocumented alien despite the fact that there was no probable
cause to take him into custody, the fact that he has papers
documenting his right to be in this country and despite the fact
that there was no illegal action which warranted him to be in
custody or to be charged."  (Id. at ¶ 19.)  He was held by ICE for
"almost one year and ten months," and then released on February 2,
2012 "without any further charges, sentencing or penalties."  (Id.
at ¶ 22.)  In Count I, Berrum-Plata seeks damages under § 1983 and
Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
403 U.S. 388 (1971) for violation of his rights under the Fourth
and Fourteenth Amendments.  (See id. at ¶¶ 2-3, 16.)  In Count II,
he asserts a claim for malicious prosecution against the United
States, the FBI,[1] and ICE.  The defendants have moved to dismiss
the complaint in its entirety.

## DISCUSSION

### A.  Legal Standard

The purpose of a 12(b)(6) motion to dismiss is to test the
sufficiency of the complaint, not to resolve the case on the
merits.  5B Charles Alan Wright & Arthur R. Miller, Federal

---

[1]  (See Compl. p. 5 (prayer for relief).)  Berrum-Plata does not identify
the FBI as a defendant in the case caption, but his official-capacity claim
against Curtis is effectively a claim against the FBI.  See Kentucky v. Graham,
473 U.S. 159, 165-66 (1985).

<u>Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 556 (2007)). When evaluating a motion to dismiss a complaint, the court must accept as true all factual allegations in the complaint. <u>Iqbal</u>, 129 S. Ct. at 1949. However, we need not accept as true its legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

**B.   Illegal Seizure (Count I)**

In Count I, Berrum-Plata asserts a claim for damages against the United States, ICE, and Curtis (in his individual capacity, only). (<u>See</u> Compl. at 3 (prayer for relief).) As a threshold matter, we will: (1) construe references in the complaint to the Fourteenth Amendment to refer to the Fifth Amendment (<u>see id.</u> at ¶ 16(b)); and (2) disregard references to § 1983 (<u>see id.</u> at ¶¶ 3, 16). Berrum-Plata now concedes that these are not appropriate bases for relief against federal defendants. (<u>See</u> Pl.'s Resp. at 3.)

- 4 -

## 1.  Plaintiff's Claim Against the United States and ICE

In <u>Bivens</u>, the Supreme Court recognized a private right of action to seek damages against federal agents for Fourth Amendment violations.  <u>See</u> <u>Bivens</u>, 403 U.S. at 397.  However, the Court has declined to extend <u>Bivens</u> to claims against federal entities.  <u>See</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486 (1994).  As an alternative to <u>Bivens</u>, Berrum-Plata argues that he may proceed against the United States and ICE under the Federal Tort Claims Act ("FTCA").  (<u>See</u> Pl.'s Resp. at 2-3); <u>see also</u> 28 U.S.C. § 1346(b).  First, the FTCA does not waive sovereign immunity for federal constitutional torts, which is what the complaint alleges (<u>see</u> Compl. ¶¶ 1-3).  <u>See</u> <u>Meyer</u>, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").  Second, even if we construe his complaint to assert a claim under state law,[2] Berrum-Plata has not alleged that he has exhausted his administrative remedies as required to proceed in this court under the FTCA.  <u>See</u> 28 U.S.C. § 2675(a) ("*An action shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or

---

[2]  Berrum-Plata argues that the allegations in his complaint would support a claim under Article 1 § 6 of the Illinois Constitution.  (<u>See</u> Pl.'s Mem. at 3); <u>see also</u> Ill. Const. Art. 1 § 6 (prohibiting unreasonable seizures and the issuance of warrants without probable cause).  It is unclear whether there is a private right of action under this section.  There does not appear to be any controlling authority on the question, but district courts that have considered the issue have held that there is no such right.  <u>See</u> Ingram v. Jones, No. 95 C 2631, 1995 WL 745849, *2-4 (N.D. Ill. Nov. 29, 1995); <u>Richard v. Lukensmeyer</u>, No. 98 C 6409, 1999 WL 261835, *2-4 (N.D. Ill. Apr. 12, 1999).  However, Berrum-Plata could potentially state a claim for common law false arrest.  <u>See</u> Ingram, 1995 WL 745849, *4.

death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.") (emphasis added). Count I against the United States and ICE is dismissed without prejudice.

### 2. Plaintiff's Claim Against Curtis

Federal law enforcement officers like Curtis are proper defendants to claims under <u>Bivens</u>, but the complaint is too threadbare to state a claim for relief against him. The allegations relevant to Berrum-Plata's Fourth/Fifth Amendment claim appear below in their entirety:

> 10. During 2008 and 2009, the Plaintiff worked as an informant for the FBI, specifically, Brett Curtis.
>
> 11. On or about March 23, 2010, JOSE BERRUM-PLATA was taken into custody by and/or through direction of Brett Curtis.
>
> 12. The Defendant arrested or caused the arrest and detention of Plaintiff without an arrest warrant, without probable cause, and without any other legal justification.

(Compl. ¶¶ 10-12.) The complaint is silent about the specific circumstances of the plaintiff's arrest, and relies instead on "conclusory legal statements." <u>Brooks v. Ross</u>, 578 F.3d 574, 581 (7th Cir. 2009) (rejecting such allegations); <u>see also</u> <u>Swanson v. Citibank, N.A.</u>, 614 F.3d 400, 405 (7th Cir. 2010) (Mere legal

conclusions "do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law."). The absence of details is particularly problematic in this case given Berrum-Plata's unusual relationship with the FBI agent who carried out or initiated his arrest. Berrum-Plata alleges that he worked with Curtis as an informant for two years, and then out of the blue Curtis had him arrested for an immigration violation. More information is required "to present a story that holds together." <u>Swanson</u>, 614 F.3d at 404. Count I against Curtis is dismissed without prejudice.

## C. Malicious Prosecution (Count II)

In Count II, Berrum-Plata alleges that the United States, the FBI, and ICE maliciously prosecuted him "as an undocumented alien." (Compl. ¶ 19; <u>see also</u> <u>id.</u> at p. 5 (prayer for relief).) As we just discussed, Berrum-Plata cannot maintain a <u>Bivens</u> action against the federal entities. <u>See</u> <u>Meyer</u>, 510 U.S. at 486. Indeed, our Court of Appeals does not recognize <u>Bivens</u> claims for malicious prosecution where, as here, a state remedy exists. <u>See</u> <u>Parish v. City of Chicago</u>, 594 F.3d 551, 552 (7th Cir. 2009) ("Seventh Circuit precedent does not permit an action for malicious prosecution under § 1983 if a state remedy exists"); <u>Bontkowski v. Smith</u>, 305 F.3d 757, 760 (7th Cir. 2002) (applying same reasoning to a <u>Bivens</u> claim for malicious prosecution); <u>Swick v. Liautaud</u>, 662 N.E.2d 1238, 1242 (Ill. 1996) (discussing the malicious-

prosecution tort under Illinois law).  Berrum-Plata could potentially state a claim against these defendants for state-law malicious prosecution under the FTCA.  But as we discussed in connection with Berrum-Plata's illegal seizure claim, he has not alleged exhaustion as required to proceed under the FTCA.  Count II is dismissed without prejudice.

**D.    Continued Appointment of Counsel**

Berrum-Plata initially appeared in this case through retained counsel.  We later granted his attorneys' motion to withdraw, which cited "irreconcilable differences over issues arising out of this litigation as well as over the management and direction of the litigation." (Mot. to Withdraw as Pl.'s Attys, dated May 9, 2012, Dkt. 8.)  We then granted the plaintiff's motion to appoint counsel, but only "for the limited purpose of responding to the pending motion to dismiss the complaint."  (Minute Order, dated October 10, 2012, Dkt. 22.)  We further stated that "[i]f any portion of the complaint survives the motion to dismiss, then the court will consider at that time whether to extend the appointment of counsel." (Id.)  We have granted the defendants' motion to dismiss, but the facts alleged in Berrum-Plata's complaint do not foreclose the possibility of an FTCA claim against the federal entities and/or a Bivens claim against Curtis.  Under the circumstances, we think it is appropriate for appointed counsel to

- 8 -

continue representing Berrum-Plata at this time.  We will revisit the question after the pleadings stage is completed.

## CONCLUSION

The defendants' motion to dismiss [20] is granted.  The plaintiff's complaint is dismissed without prejudice.  The plaintiff is given leave to file an amended complaint by May 3, 2013 that cures the deficiencies that we have identified with his claims, if he can do so.  If the plaintiff chooses not to file an amended complaint by that date, we will dismiss this case with prejudice.  A status hearing is set for May 8, 2013.


DATE:     April 3, 2013

ENTER:    _____

          John F. Grady, United States District Judge